# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

JIHAD MUHAISEN, an individual, and
MUHAISEN & MUHAISEN, LLC, a Colorado
limited liability company

      Plaintiff,

v.

JOHN AND JANE DOES 1 THROUGH 100,
all whose true names are unknown,

      Defendants.

---

## COMPLAINT AND JURY DEMAND

---

COME NOW Jihad Muhaisen ("Mr. Muhaisen") and Muhaisen & Muhaisen, LLC (collectively "Plaintiffs") for their Complaint against Defendants John and Jane Does ("Defendants"), through counsel, BRADFORD, LTD, assert the following claims:

## NATURE OF THE ACTION

This is an action at law and in equity brought under the Lanham Act to remedy acts of commercial disparagement, false advertising, and misrepresentation caused by Defendants' unauthorized Internet disparagement of Plaintiffs and their legal services in the State of Colorado. Each Defendant has posted – or assisted in the posting of – false and defamatory statements concerning Plaintiffs on various Internet websites operated by third parties, including LinkedIn, Twitter, YouTube, Yelp, and Tom Martino Referral List. Obtaining an injunction against several Internet website operators is the

most efficient way to deal with these defamatory statements. However, under the Communications Decency Act of 1996, Internet websites operators are immune from liability related to information posted on their websites by third parties. See, e.g., Ben Ezra, Weinstein, and Co. America Online Inc., 206 F.3d 980, 984-86 (10th Cir. 2000).

Consequently, Plaintiffs' only remedy is to pursue individually each person that authored and posted a defamatory statement. However, the Defendants' real names and addresses are not disclosed on the Internet websites or in the posted statements, Plaintiff brings this action against the Defendants identified at this juncture as John and Jane Doe defendants. As the Internet website operators are in possession of information concerning the identity of the Defendants such as the Internet Protocol (IP) name and email address, Plaintiffs, by separate motion, will seek the Court's authorization to conduct discovery from the Internet websites to obtain the identifying information and thereafter will amend this Complaint to substitute the actual names of the Defendants.

## THE PARTIES

1. Plaintiff Jihad Muhaisen, is an individual, residing in Colorado.

2. Plaintiff Muhaisen & Muhaisen, LLC is a limited liability corporation in Colorado.

3. Upon information and belief, Defendants John and Jane Does 1 through 100 (the "Individual Defendants") are individuals whose names and addresses of residences are unknown.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28

U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of Colorado and the common law pursuant to 28 U.S.C. § 1367(a) because these claims are so related to the federal claims in this action that they form a part of the same case or controversy.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1338(a) and (b) because the acts of infringement, disparagement and other wrongful conduct, and a substantial part of events or omissions giving rise to the claims, occurred in the District of Colorado, and the Defendants may reside in the District of Colorado.

## GENERAL ALLEGATIONS

7. Mr. Muhaisen is a licensed attorney in the State of Colorado and a founding partner of Muhaisen & Muhaisen LLC.

8. Mr. Muhaisen has continuously used his name, Jihad ("Jay") Muhaisen, in connection with his law practice.

9. Mr. Muhaisen is employed by Plaintiff Muhaisen & Muhaisen, LLC, located in Denver, Colorado.

10. Defendants have created and used several Internet-based accounts to publish defamatory and disparaging statements, as well as articles, about Plaintiffs.

11. These Internet-based accounts include LinkedIn, Twitter, YouTube, Yelp, Ripoff Report, and Tom Martino Referral List.

12. On February 20, 2017, Defendants filed a Ripoff Report against Muhaisen & Muhaisen, LLC. The report was made by a "concerned citizen — Denver Colorado USA" (the "Report") using www.ripoffreport.com.  See

http://www.ripoffreport.com/reports/muhaisen-muhaisen-llc-attorneys-at-law/denver-colorado-80231/muhaisen-muhaisen-llc-attorneys-at-law-jihad-muhaisen-jf-muhaisen-jihad-muhaisen-a-1357121.

13. The Report falsely claims that Plaintiffs have scammed clients, Denver locals, and family members.

14. The Report disparages Plaintiffs by stating: "Do not do business with J.F. Muhaisen or Muhaisen & Muhaisen."

15. In February 2017, Defendants published defamatory and disparaging statements on www.Yelp.com ("Fake Yelp Reviews").

16. Defendants published approximately five Fake Yelp Reviews.

17. The Fake Yelp Reviews contained defamatory and disparaging statements about Plaintiffs.

18. In May 2017, upon Mr. Muhaisen's request, Yelp removed Defendants' Fake Yelp Reviews.

19. Between February 19, 2017 and February 28, 2017, Defendants published three defamatory and disparaging reviews on Tom Martino Referral List, https://ReferralList.com/ ("Fake Referral Reviews").

20. The following email addresses were used to post the Fake Referral Reviews: Enough2m2@gmail.com and M2Lawyersllc@gmail.com.

21. The Fake Referral Reviews contained defamatory and disparaging statements about Plaintiffs.

22. On February 20, 2017, Mr. Muhaisen contacted Referral List to have Defendants' Fake Referral Reviews removed from the website.

23. Shortly thereafter, the Fake Referral Reviews were removed.

24. Beginning in February 2017, Defendants created a YouTube Account under the username "Enough 2M2" to publish videos with defaming and disparaging content with respect to Plaintiffs.

25. From February to May 2017, Defendants posted seven videos titled as follows: "Jihad Muhaisen scum bag," "Jihad Muhaisen Violent Man," Jihad Muhaisen Immigration," "Jihad Muhaisen and Domestic Violence," "Jihad Muhaisen's addiction to hookers," and "Jihad Muhaisen and cocaine" (collectively, "YouTube Videos"). See https://www.youtube.com/channel/UC6keL82XjemNbYhRIakO0lA.

26. These YouTube Videos falsely claim that Plaintiffs have engaged in, *inter alia*, unethical attorney conduct, adultery, illicit drug use, domestic violence, and homicide.

27. These YouTube Videos make unauthorized use of Mr. Muhaisen's name and image, as well as Muhaisen & Muhaisen, LLC's trade name. See, e.g., https://www.youtube.com/watch?v=o19kGpFkqWY.

28. In addition, in March 2017, Defendants created a Twitter Account under the username "JihadMuhaisen" (the "Fake Twitter Account"), making unauthorized use of Mr. Muhaisen's name and image. The Fake Twitter Account can be viewed currently by accessing a web cache account.

29. The Fake Twitter Account lists "Denver, CO" as the user's home location.

30. The headline of the Fake Twitter Account states, "I guarantee US Citizenship through arranged marriages for a cash only fee." This defamatory statement is followed by a link to a YouTube video that falsely describes how Muhaisen &

Muhaisen, LLC will help non-U.S. citizens obtain citizenship. See https://www.youtube.com/watch?v=u5DdMOJ-csE.

31. Posing as Plaintiff, Defendants published 41 unauthorized posts to the Fake Twitter Account that contained defaming and disparaging statements related to Mr. Muhaisen in his personal capacity, as well as Muhaisen & Muhaisen as a law firm.

32. Often times, these posts were linked to YouTube videos that also contained defaming and disparaging statements related to Plaintiffs.

33. In March 2017, Defendants created a LinkedIn account ("Fake LinkedIn Account") impersonating Mr. Muhaisen.

34. The Fake LinkedIn Account used Mr. Muhaisen's name and image.

35. Through the Fake LinkedIn Account, Defendants published defamatory and disparaging statements about Plaintiffs.

36. On April 9, 2017, upon Mr. Muhaisen's request, LinkedIn removed Defendants' Fake LinkedIn Account.

37. Upon information and belief, Defendants have chosen to publish false and defamatory statements about Plaintiffs on various Internet-based accounts or are competitors of Plaintiffs that have published false and defamatory statements for the purpose of increasing their Internet visibility, trading off the goodwill of Plaintiffs, and falsely denigrating Plaintiffs' services to create an unfair competitive advantage in their favor.

38. Defendants' above-described conduct is continuing and is attended by circumstances of fraud, malice, or willful and wanton conduct, and committed heedlessly and recklessly, without regard to the consequences, or the rights and safety of others,

particularly Plaintiff. At a minimum, Defendants are willfully blind and have acted in reckless disregard of Plaintiffs' rights and claims.

39. As a result of Defendants' conduct, Plaintiffs have sustained reputational harm and mental anguish.

## FIRST CLAIM FOR RELIEF
(False Designation of Origin and False Representation (15 U.S.C. § 1125(a))

40. Plaintiffs incorporate by reference each and every allegation contained in this complaint as if fully set forth herein.

41. Defendants' activities constitute false descriptions and representations and false advertising in commerce in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as Defendants misrepresent the nature, characteristics, and qualities of Plaintiffs' services and commercial activities in connection with the commercial advertising and promotion of Defendants' services.

42. Defendants' acts of false representation and false advertising have caused Plaintiffs to sustain monetary damage, loss, and injury, in an amount to be determined at the time of trial.

43. Defendants have engaged in and continue to engage in these activities knowingly, willfully, maliciously and deliberately, to justify the assessment of exemplary damages against them, in an amount to be determined at the time of trial.

44. Defendants' acts of false representation and false advertising, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss, and injury, for which Plaintiffs have no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
(Violation of Colorado Consumer Protection Act)

45. Plaintiffs incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

46. The state of Colorado has an important interest in ensuring that persons and entities doing business with Colorado residents fully comply with Colorado laws.

47. Upon information and belief, the conduct complained of herein is a deceptive trade practice, *inter alia*, in that, Defendants knowingly make false representations as to the characteristics of Plaintiffs' business and services, as well as knowingly disparage Plaintiffs' business and services by false and misleading representations of fact.

48. Upon information and belief, the conduct of Defendants described herein occurred and is occurring in the course of Defendants' business, vocation or occupation.

49. Upon information and belief, Defendants engaged and continues to engage in these activities knowingly, willfully and deliberately.

50. Plaintiffs have been directly and proximately injured in its business and property by the Defendants' conduct complained of herein, in violation of Plaintiffs' rights under C.R.S. § 6-1-105.

51. Defendants' violations of C.R.S. § 6-1-105 have caused Plaintiffs to sustain monetary damages, loss and injury, in an amount to be determined at the time of trial.

52. In addition, pursuant to C.R.S., § 6-1-113, Plaintiffs are entitled to trebled damages, attorney's fees and costs of suit, all in amounts to be determined at trial.

53. Defendants' violations of C.R.S. § 6-1-105, unless enjoined by this Court, will continue to cause Plaintiffs to sustain irreparable damage, loss and injury, for which Plaintiffs have no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
(Common Law Business Disparagement/Defamation)

54. Plaintiffs incorporate by reference each and every allegation contained in this complaint as if fully set forth herein.

55. Defendants' did publish or cause to be published false statements harmful to the interests of Plaintiffs with the intent that the publication of the statement would cause harm to the interests of Plaintiffs.

56. At the time Defendants published the false statements they knew that the statements were false or acted in reckless disregard of their truth or falsity.

57. Plaintiffs have been damaged by the Defendants' conduct as complained of herein, in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
(Libel Per Se)

58. Plaintiffs incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

59. Defendant published or caused to be published to third parties, certain written, false statements of fact about Plaintiffs.

60. These defamatory statements include false statements of fact that Plaintiffs engaged in, *inter alia*, unethical attorney conduct, adultery, illicit drug use, domestic violence, and homicide.

61. At the time of publication, Defendants knew the statements were false or made the statements with negligent disregard as to whether the statements were false.

### FIFTH CLAIM FOR RELIEF
(Invasion of Privacy by Intrusion)

62. Plaintiffs incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

63. Defendants intentionally invaded Plaintiffs' privacy by knowingly making defamatory statements about Plaintiffs, including objectively false statements of fact that Plaintiffs engaged in, *inter alia*, unethical attorney conduct, illicit drug use, domestic violence, and homicide.

64. The invasion would be very offensive to a reasonable person.

65. Plaintiffs have sustained injuries, including but not limited to reputational harm and mental anguish.

66. The invasion was a cause of Plaintiffs' injuries.

67. Plaintiffs have been damaged by the Defendants' conduct as complained of herein, in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
(Invasion of Privacy by Appropriation)

68. Plaintiffs incorporates by reference each and every allegation contained in this complaint as if fully set forth herein.

69. Defendants used Plaintiffs' names and likeness through various Internet-based accounts.

70. The use of Plaintiffs' names and likeness was for Defendants' own purposes.

71. Plaintiffs have sustained injuries, including but not limited to reputational harm and mental anguish.

72. Defendants' use of Plaintiffs' names and likeness was a cause of Plaintiffs' injuries.

73. Plaintiffs have been damaged by the Defendants' conduct as complained of herein, in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

A. That Defendants and their agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of the injunction, be temporarily, preliminarily, and permanently enjoined from, without permission from Plaintiffs:

　　i. using "Jihad Muhaisen" or "Jay Muhaisen" or any colorable imitations thereof, or any marks confusingly similar thereto;

　　ii. using "Muhaisen & Muhaisen, LLC" or any colorable imitations thereof, or any marks confusingly similar thereto;

　　iii. disparaging Plaintiffs, or Plaintiffs' business or services in any manner, either orally, in writing, on the Internet, or otherwise; and

　　iv. making or causing to be made any false representations of fact with regard to either Plaintiffs, or Plaintiffs' business or services.

B. That Plaintiffs be awarded damages including statutory treble damages and punitive damages in an amount to be determined at trial;

C. That Plaintiffs be awarded damages and restitution, in an amount to be determined at trial, under 15 U.S.C. § 1117(a) for the total profits received by Defendants from, and any damages sustained by, Plaintiff as a result of Defendants' actions;

D. That Plaintiff be awarded under 15 U.S.C. § 1117(a) enhanced damages, up to three times the amount found as actual damages for Defendants' false descriptions and representations, in an amount to be determined at trial;

E. That Defendants be required to pay to Plaintiffs such actual, statutory and exemplary damages as it has sustained as a consequence of Defendants' willful and intentional unfair competition;

F. That Plaintiffs be awarded treble damages and attorneys' fees for Defendants' deceptive trade practices under C.R.S. § 6-1-113;

G. That Plaintiffs be awarded punitive damages for Defendants' oppressive, fraudulent, and malicious acts of business disparagement;

H. That Defendants be ordered to make a written report within a reasonable period, to be filed with the Court, detailing the manner of Defendants' compliance with the requested injunctive and mandatory relief above;

I. That Plaintiffs be awarded its reasonable attorney's fees and costs of suit under 15 U.S.C. § 1117(a), 15 U.S.C. § 285, and C.R.S. § 6-1-113;

J. That Plaintiffs be awarded pre judgment and post judgment interest and its costs of the litigation; and

K. That Plaintiffs be awarded such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all claims triable to a jury.

Dated: June 27, 2017

Respectfully submitted,

*/s/ Aaron P. Bradford*
Aaron P. Bradford, #31115
Andrea M. LaFrance, #50222
BRADFORD, LTD
2701 Lawrence Street, Suite 104
Denver, CO 80205

(303) 325-5467
Aaron@apb-law.com
Andrea@apb-law.com

*Attorneys for Plaintiff*