IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01575-PAB

JIHAD MUHAISEN and
MUHAISEN & MUHAISEN, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

JOHN AND JANE DOES 1 THROUGH 100, all whose true names are unknown,

    Defendants.
_____

### TEMPORARY RESTRAINING ORDER
_____

This matter is before the Court on Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction [Docket No. 6]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

### I. MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Jihad Muhaisen ("Muhaisen") is a licensed attorney in the State of Colorado and a founding partner of plaintiff Muhaisen & Muhaisen, LLC. Docket No. 1 at 3, ¶ 7. In their fourth claim for relief, libel per se, plaintiffs allege that defendants, under the user name of Enough 2M2, have posted four libelous YouTube videos concerning them. Docket No. 6 at 4-5, ¶¶ 1-5. The YouTube videos accuse Muhaisen of domestic violence, assault, homicide, drug use, and fraudulent legal practices.[1] *Id*. at

---

[1] The videos are posted on the following sites:
https://www.youtube.com/watch?v=GwSr9tHCtsA;
https://www.youtube.com/watch?v=IkyNFqS-hD8;
https://www.youtube.com/watch?v=rrb-7pJKZ3k;
https://www.youtube.com/watch?v=u5DdMOJ-csE.

6-7, ¶¶ 22, 24, 26, 28. At the TRO hearing, plaintiffs' counsel represented that the videos also refer to Muhaisen & Muhaisen, LLC. Plaintiffs claim that the statements contained in the YouTube videos are false. *Id*., ¶¶ 23, 25, 27, 29.

Plaintiffs have attempted to discover defendants' identities by serving a subpoena on Google, *id.* at 5, ¶ 10, which owns YouTube. The subpoena requested all identifying information associated with the account that posted the relevant YouTube videos. *Id.*, ¶ 11. Plaintiffs have been unable to identify defendants other than to determine that Enough 2M2 uses the email address of enough2m2@gmail.com and has an IP address of 178.215.210.219. *Id.* at 5-6, ¶¶ 14, 20.

On June 27, 2017, plaintiffs filed this lawsuit alleging six claims for relief: (1) violation of the Lanham Act, 15 U.S.C. § 1125(a); (2) violation of the Colorado Consumer Protection Act; (3) common law business disparagement under Colorado law; (4) libel per se under Colorado law; (5) invasion of privacy by intrusion under Colorado law; and (6) invasion of privacy by appropriation under Colorado law. Docket No. 1 at 7-11, ¶¶ 40-73. On September 1, 2017, plaintiffs filed a motion for a preliminary injunction and temporary restraining order based on the fourth claim for relief.[2] *See* Docket No. 6 at 10-12 (discussing plaintiffs' likelihood of success on the libel per se claim). On September 12, 2017, the Court held a hearing on that portion of the motion seeking a temporary restraining order. Two days before the hearing, plaintiffs sent notice of the hearing to enough2m2@gmail.com, the only known means

---

[2]Plaintiffs state that defendants published the same content on a separate website. Docket No. 6 at 8, ¶ 35. At the TRO hearing, plaintiffs represented that the website has been taken down and they no longer request injunctive relief related to that website.

to contact defendants. Docket No. 12-1. No attorney or person appeared on behalf of defendants at the TRO hearing or otherwise contacted plaintiffs or the Court regarding the hearing.

To succeed on a motion for temporary restraining order, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 US. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.,* 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

Plaintiffs have shown a likelihood of success on the merits. A statement is libelous per se if "(1) the defamatory meaning is apparent from the face of the publication without the aid of extrinsic proof; and (2) the statement is specifically directed at a particular person." *Han Ye Lee v. Colorado Times, Inc.,* 222 P.3d 957, 961 (Colo. App. 2009). Traditionally, statements related to "a criminal offense" or "a

3

matter incompatible with an individual's business, trade, profession, or office" constitute slander per se. *Gordon v. Boyles,* 99 P.3d 75, 79 (Colo. App. 2004) (citing Restatement (Second) of Torts § 570). The YouTube videos contain allegations that Muhaisen has engaged in criminal conduct and committed fraud in the course of his legal practice. *See* Docket No. 6 at 6-7, ¶¶ 22, 24, 26, 28. Mr. Muhaisen has submitted declarations from himself and others that he has never engaged in such conduct. *See* Docket Nos. 6-1, 6-2, 6-3. The Court finds that the relevant statements contained in the four YouTube videos constitute libel per se because the defamatory meaning is apparent from the face of the publication and the videos are directed at plaintiffs.

After the Court finds that a statement is libelous per se, plaintiffs must prove that (1) the statement was published; (2) the statement caused actual damages; (3) the statement was false; and (4) the defendant acted with reckless disregard as to falsity. *Denver Publ'g Co. v. Bueno*, 54 P.3d 893, 899 n.8 (Colo. 2002); *see also* Colo. Jury Inst. 22:1. The Court finds that the YouTube videos have been published. In addition, plaintiffs have presented numerous pieces of evidence to suggest that the claims made in the videos are false and that defendants do not have a basis for alleging that plaintiffs engaged in improper or criminal conduct. *See, e.g.,* Docket No. 6-1 at 2-3, ¶¶ 9-13. With respect to damages, Muhaisen is not required to prove actual damages because he is a private person. *Denver Publ'g Co*., 54 P.3d at 900. The Court finds that Muhaisen & Muhaisen LLC has provided proof demonstrating that it has suffered actual damages. Plaintiffs' counsel represented at the TRO hearing that the YouTube videos appear in internet search results for the law firm and that colleagues have asked

4

plaintiffs about the YouTube videos and their content.  *See also* Docket No. 6-1 at 4, ¶ 21 ("Colleagues have inquired about [the videos] and their content."). Plaintiffs' counsel further represented that a number of law firms compete with plaintiffs in the area of immigration law and that plaintiffs operate in a segment of that market where potential clients are sensitive to the allegations contained in the YouTube videos.  Plaintiffs' counsel represented that, as a consequence of operating in a competitive environment, plaintiffs have lost business and are likely to lose future business to some of their competitors.  Plaintiffs have provided adequate offers of proof to support their claim that plaintiff Muhaisen & Muhaisen LLC suffered actual damages.  Accordingly, the Court finds that plaintiffs have demonstrated a likelihood of success on the merits on their fourth claim for relief.

The Court finds that plaintiffs have shown that, in the absence of injunctive relief, they will suffer irreparable harm.  At the TRO hearing, plaintiffs presented offers of proof that the YouTube videos appear when prospective clients search for Muhaisen or his law firm.  As an attorney, Mr. Muhaisen's legal practice depends in part on his reputation.  *See Keohane v. Stewart*, 882 P.2d 1293, 1298 (Colo. 1994) ("[D]efamatory statements are so egregious and intolerable because the statement destroys an individual's reputation: a characteristic which cannot be bought, and one that, once lost, is extremely difficult to restore.").  The videos additionally interfere with plaintiffs' ability to advertise their services and, in light of the competitive nature of the immigration legal market, reduce the business available to plaintiffs.

The Court finds that the balance of equities tips in plaintiffs' favor.  Plaintiffs have demonstrated that they will suffer harm should defendants be permitted to continue

publishing the libelous statements. Defendants have no legitimate interest in publishing statements that are made with reckless disregard for the truth and that have the primary purpose of damaging plaintiffs' reputations. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340 (1974)("[T]here is no constitutional value in false statements of fact.").

The Court also finds that the injunction is in the public interest. The public has a substantial "interest in encouraging and fostering vigorous public debate." *Keohane*, 882 P.2d at 1298. However, "[n]either the intentional lie nor the careless error materially advances society's interest in 'uninhibited, robust, and wide-open' debate on public issues." *Gertz*, 418 U.S. at 340 (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964)). Because the Court finds that plaintiffs have demonstrated a likelihood of proving that defendants have made libelous statements with reckless disregard for the truth, the temporary restraining order is in the public interest.

The Court finds that no bond is necessary pursuant to Fed. R. Civ. P. 65(c) because it does not appear possible to quantify the damages that defendants may suffer as a result of being required to take down the YouTube videos.

## II. CONCLUSION

It is **ORDERED** pursuant to Fed. R. Civ. P. 65 that the portion of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction [Docket No. 6] seeking a temporary restraining order is granted. It is further

**ORDERED** that defendants, defendants' officers, agents, servants, employees, and attorneys, and any other person in active concert or participation with those

6

individuals are temporarily enjoined and restrained from posting, publishing, or maintaining the following YouTube videos:

https://www.youtube.com/watch?v=GwSr9tHCtsA;

https://www.youtube.com/watch?v=IkyNFqS-hD8;

https://www.youtube.com/watch?v=rrb-7pJKZ3k;

https://www.youtube.com/watch?v=u5DdMOJ-csE.

It is further

**ORDERED** that this order will expire on September 26, 2017 unless extended by the Court, upon motion by plaintiffs, for good cause. It is further

**ORDERED** that plaintiffs shall serve a copy of this order on defendants at the email address known to plaintiffs.

Entered September 12, 2017, at 4:50 p.m.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge