IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01575-PAB-KLM

JIHAD MUHAISEN and
MUHAISEN & MUHAISEN, LLC, a Colorado limited liability company,

    Plaintiffs,

v.

JOHN AND JANE DOES 1 THROUGH 100, all whose true names are unknown,

    Defendants.
_____

**PRELIMINARY INJUNCTION**
_____

    This matter is before the Court on that portion of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction [Docket No. 6] seeking a preliminary injunction. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

    The Court held a hearing on plaintiffs' motion for a preliminary injunction on October 10, 2017. Four days before the hearing, plaintiffs sent notice of the hearing to the following email addresses associated with defendants: enough2m2@gmail.com, jshawnjr@gmail.com, M2Lawyersllc@gmail.com. Docket No. 19 at 1. The email notices sent to the first two email addresses were returned as undeliverable. Docket No. 19-2 at 1-2. No attorney or person appeared on behalf of defendants at the hearing or otherwise contacted plaintiffs or the Court regarding the hearing. The Court finds that defendants received notice of the preliminary injunction hearing, but chose not to appear.

Plaintiff Jihad Muhaisen ("Muhaisen") is a licensed attorney in the State of Colorado and a founding partner of plaintiff Muhaisen & Muhaisen, LLC.  Docket No. 1 at 3, ¶ 7.  In their fourth claim for relief, libel per se, plaintiffs allege that defendants, under the user name of Enough 2M2, have posted four libelous YouTube videos concerning them.  Docket No. 6 at 4-5, ¶¶ 1-5.  The YouTube videos accuse Muhaisen of domestic violence, assault, homicide, drug use, and fraudulent legal practices.[1]  *Id*. at 6-7, ¶¶ 22, 24, 26, 28.  At the hearing on the portion of the motion seeking a temporary restraining order ("TRO"), plaintiffs' counsel represented that the videos also refer to Muhaisen & Muhaisen, LLC.  Plaintiffs claim that the statements contained in the YouTube videos are false.  *Id*., ¶¶ 23, 25, 27, 29.

Plaintiffs have attempted to discover defendants' identities by serving a subpoena on Google, *id.* at 5, ¶ 10, which owns YouTube.  The subpoena requested all identifying information associated with the account that posted the relevant YouTube videos.  *Id.*, ¶ 11.  Plaintiffs have been unable to identify defendants other than to determine that Enough 2M2 uses the email address of enough2m2@gmail.com and has an IP address of 178.215.210.219.  *Id.* at 5-6, ¶¶ 14, 20.  At the preliminary injunction hearing, plaintiffs' counsel represented that the email address enough2m2@gmail.com has since been disabled.  Plaintiffs' counsel further informed the Court that on September 17, 2017, defendants circulated an unknown number of

---

[1] The videos are posted on the following sites:
https://www.youtube.com/watch?v=GwSr9tHCtsA;
https://www.youtube.com/watch?v=IkyNFqS-hD8;
https://www.youtube.com/watch?v=rrb-7pJKZ3k;
https://www.youtube.com/watch?v=u5DdMOJ-csE.

emails containing links to the YouTube videos and other allegedly defamatory content using the email addresses jshawnjr@gmail.com and samraunt@gmail.com; however, plaintiffs believe these are false email addresses. Docket No. 20 at 2.

On June 27, 2017, plaintiffs filed this lawsuit alleging six claims for relief: (1) violation of the Lanham Act, 15 U.S.C. § 1125(a); (2) violation of the Colorado Consumer Protection Act; (3) common law business disparagement under Colorado law; (4) libel per se under Colorado law; (5) invasion of privacy by intrusion under Colorado law; and (6) invasion of privacy by appropriation under Colorado law. Docket No. 1 at 7-11, ¶¶ 40-73. On September 1, 2017, plaintiffs filed a motion for a preliminary injunction and temporary restraining order based on the fourth claim for relief.[2] *See* Docket No. 6 at 10-12 (discussing plaintiffs' likelihood of success on the libel per se claim). On September 12, 2017, the Court held a hearing on that portion of the motion seeking a temporary restraining order. Two days before the hearing, plaintiffs sent notice of the hearing to enough2m2@gmail.com, the only known means to contact defendants. Docket No. 12-1. No attorney or person appeared on behalf of defendants at the TRO hearing or otherwise contacted plaintiffs or the Court regarding the hearing.

On September 12, 2017, the Court entered an order temporarily enjoining defendants from posting, publishing, or maintaining the following YouTube videos:

---

[2]Plaintiffs state that defendants published the same content on a separate website. Docket No. 6 at 8, ¶ 35. At the TRO hearing, plaintiffs represented that the website has been taken down and they no longer request injunctive relief related to that website.

https://www.youtube.com/watch?v=GwSr9tHCtsA;

https://www.youtube.com/watch?v=IkyNFqS-hD8;

https://www.youtube.com/watch?v=rrb-7pJKZ3k;

https://www.youtube.com/watch?v=u5DdMOJ-csE. Docket No. 14 at 6-7. On September 25, 2017, the Court granted a 14-day extension of the temporary restraining order due to ongoing violations by defendants. Docket No. 17 at 2.

In support of their request for a preliminary injunction, plaintiffs state that defendants have failed to comply with this Court's TRO directing removal of the online libelous content. Docket No. 20 at 1-2. Google has also declined to remove the YouTube videos. Docket No. 16 at 2; Docket No. 16-2 at 1-3; Docket No. 20 at 3-4. Since entry of the TRO, plaintiffs further claim they have become aware of a new website created by defendants, www.JMuhaisen.com, which contains four pages of similar, disparaging content and links to two of the enjoined YouTube videos. Docket No. 16 at 3-4.[3] Plaintiffs state that the new domain name was purchased from www.1and1.com ("1&1 Internet"), a site that offers services similar to www.godaddy.com. Docket No. 16 at 2, ¶ 4. On September 20, 2017, plaintiffs sent the Court's TRO to 1&1 Internet. Docket No. 16 at 3, ¶ 12. As of October 9, 2017, however, 1&1 Internet had not responded to plaintiffs regarding the order, and both the

---

[3]At the preliminary injunction hearing, plaintiffs' counsel identified the videos linked to on the website as the first and fourth videos listed in the footnote in the TRO [Docket No. 14]. Those videos are posted on the following sites:
https://www.youtube.com/watch?v=GwSr9tHCtsA;
https://www.youtube.com/watch?v=u5DdMOJ-csE. *See* Docket No. 14 at 1 n.1.

YouTube videos and the new website remained available online. Docket No. 20 at 4, ¶¶ 6-8.

To succeed on a motion for a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 US. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.,* 883 F.2d 886, 888-89 (10th Cir. 1989), is the "exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

This Court finds that plaintiffs have shown a likelihood of success on the merits. A statement is libelous per se if "(1) the defamatory meaning is apparent from the face of the publication without the aid of extrinsic proof; and (2) the statement is specifically directed at a particular person." *Han Ye Lee v. Colorado Times, Inc.,* 222 P.3d 957, 961 (Colo. App. 2009). Traditionally, statements related to "a criminal offense" or "a matter incompatible with an individual's business, trade, profession, or office" constitute

slander per se. *Gordon v. Boyles,* 99 P.3d 75, 79 (Colo. App. 2004) (citing Restatement (Second) of Torts § 570). Both the YouTube videos and the website, www.JMuhaisen.com, contain allegations that Muhaisen has engaged in criminal conduct and committed fraud in the course of his legal practice. *See* Docket No. 6 at 6-7, ¶¶ 22, 24, 26, 28; Docket No. 16 at 3, ¶¶ 9, 11; Docket No. 20 at 4, ¶ 8. Mr. Muhaisen has submitted declarations from himself and others that he has never engaged in such conduct. *See* Docket Nos. 6-1, 6-2, 6-3. The Court finds that the relevant statements contained in the four YouTube videos and on the website, www.JMuhaisen.com, constitute libel per se because the defamatory meaning is apparent from the face of the publication and the videos and disparaging allegations are directed at plaintiffs.

After a court finds that a statement is libelous per se, a plaintiff must prove that (1) the statement was published; (2) the statement caused actual damages; (3) the statement was false; and (4) the defendant acted with reckless disregard as to falsity. *Denver Publ'g Co. v. Bueno*, 54 P.3d 893, 899 n.8 (Colo. 2002); *see also* Colo. Jury Inst. 22:1. The Court finds that the YouTube videos and the statements on the website, www.JMuhaisen.com, have been published. In addition, plaintiffs have presented numerous pieces of evidence to suggest that the claims made in the videos and on the website are false, and that defendants do not have a basis for alleging that plaintiffs engaged in improper or criminal conduct. *See, e.g.,* Docket No. 6-1 at 2-3, ¶¶ 9-13. With respect to damages, Mr. Muhaisen is not required to prove actual damages because he is a private person. *Denver Publ'g Co.*, 54 P.3d at 900. The Court finds

that Muhaisen & Muhaisen LLC has provided proof demonstrating that it has suffered actual damages. Plaintiffs' counsel represented at the TRO and preliminary injunction hearings that the YouTube videos and the website, www.JMuhaisen.com, appear in internet search results for the law firm and that colleagues have asked about the YouTube videos and their content. *See also* Docket No. 6-1 at 4, ¶ 21 ("Colleagues have inquired about [the videos] and their content."). Plaintiffs' counsel further represented that a number of law firms compete with plaintiffs in the area of immigration law and that plaintiffs operate in a segment of that market where potential clients are sensitive to the allegations contained in the YouTube videos. Plaintiffs' counsel stated that, as a consequence of operating in a competitive environment, plaintiffs have lost business and are likely to lose future business to some of their competitors. Plaintiffs have provided adequate offers of proof to support their claim that plaintiff Muhaisen & Muhaisen LLC suffered actual damages. Accordingly, the Court finds that plaintiffs have demonstrated a likelihood of success on the merits on their fourth claim for relief.

The Court finds that plaintiffs have shown that, in the absence of injunctive relief, they will suffer irreparable harm. At the TRO hearing, plaintiffs presented offers of proof that the YouTube videos appear when prospective clients search for Muhaisen or his law firm. At the preliminary injunction hearing, plaintiffs similarly stated that the website www.JMuhaisen.com appears as the second hit behind Mr. Muhaisen's primary website. As an attorney, Mr. Muhaisen's legal practice depends in part on his reputation. *See Keohane v. Stewart*, 882 P.2d 1293, 1298 (Colo. 1994) ("[D]efamatory statements are so egregious and intolerable because the statement destroys an individual's reputation: a characteristic which cannot be bought, and one that, once lost,

is extremely difficult to restore."). The videos and the website www.JMuhaisen.com additionally interfere with plaintiffs' ability to advertise their services and, in light of the competitive nature of the immigration legal market, reduce the business available to plaintiffs.

The Court finds that the balance of equities tips in plaintiffs' favor. Plaintiffs have demonstrated that they will suffer harm should defendants be permitted to continue publishing the libelous statements. Defendants have no legitimate interest in publishing statements that are made with reckless disregard for the truth and that have the primary purpose of damaging plaintiffs' reputations. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340 (1974)("[T]here is no constitutional value in false statements of fact.").

The Court also finds that the injunction is in the public interest. The public has a substantial "interest in encouraging and fostering vigorous public debate." *Keohane*, 882 P.2d at 1298. However, "[n]either the intentional lie nor the careless error materially advances society's interest in 'uninhibited, robust, and wide-open' debate on public issues." *Gertz*, 418 U.S. at 340 (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964)). Because the Court finds that plaintiffs have demonstrated a likelihood of proving that defendants have made libelous statements with reckless disregard for the truth, the preliminary injunction is in the public interest.

The Court finds that no bond is necessary pursuant to Fed. R. Civ. P. 65(c) because it does not appear possible to quantify the damages that defendants may suffer as a result of being required to take down the YouTube videos and the website, www.JMuhaisen.com.

It is **ORDERED** pursuant to Fed. R. Civ. P. 65 that the portion of Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction [Docket No. 6] seeking a preliminary injunction is granted. It is further

**ORDERED** that defendants, defendants' officers, agents, servants, employees, and attorneys, and any other person in active concert or participation with those individuals are enjoined and restrained from posting, publishing, or maintaining the following YouTube videos:

https://www.youtube.com/watch?v=GwSr9tHCtsA;

https://www.youtube.com/watch?v=IkyNFqS-hD8;

https://www.youtube.com/watch?v=rrb-7pJKZ3k;

https://www.youtube.com/watch?v=u5DdMOJ-csE.

It is further

**ORDERED** that defendants, defendants' officers, agents, servants, employees, and attorneys, and any other person in active concert or participation with those individuals are enjoined and restrained from maintaining all libelous content published on the website www.JMuhaisen.com. It is further

**ORDERED** that, pursuant to this Order, Google and 1&1 Internet are authorized to remove all libelous content published online by defendants, including

https://www.youtube.com/watch?v=GwSr9tHCtsA;

https://www.youtube.com/watch?v=IkyNFqS-hD8;

https://www.youtube.com/watch?v=rrb-7pJKZ3k;

https://www.youtube.com/watch?v=u5DdMOJ-csE; and

all content published on www.JMuhaisen.com.  It is further

      **ORDERED** that this Order will remain in effect pending final disposition of plaintiffs' lawsuit or further order of this Court.  It is further

      **ORDERED** that plaintiffs shall serve a copy of this order on defendants at the email addresses known to plaintiffs.

      Entered October 10, 2017, at 5:43 p.m.

                                    BY THE COURT:

                                    s/Philip A. Brimmer
                                    PHILIP A. BRIMMER
                                    United States District Judge